**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Weston J. Stow

   v.                                                                 Case No. 23-cv-455-SM-TSM

Helen Hanks et al.

## REPORT AND RECOMMENDATION

Plaintiff, Weston J. Stow, has filed a "Motion for Injunctive Relief Order and for a Hearing" (Doc. No. 7), which has been referred to the undersigned Magistrate Judge for a recommendation as to disposition. For the reasons explained herein, the District Judge should deny the motion without prejudice.

## Background

In his complaint in this action, Mr. Stow asserted claims alleging violations of his Eighth Amendment rights and his rights under state law, arising from the defendants' alleged failure to protect him from harm. Specifically, Mr. Stow alleged that the defendants acted with deliberate indifference to a significant risk that he would suffer serious harm when, in December 2020, they placed him, or caused him to be placed, in a housing situation with dangerous prisoners, despite knowing that the placement would create a significant risk of serious harm to Mr. Stow. The complaint is pending preliminary review under 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

Liberally construed, the instant motion for injunctive relief seeks first that the defendants, all of whom are state employees, be precluded from receiving free legal representation from the Office of the Attorney General ("AGO"), as such representation would constitute a "reward" for the defendants' bad behavior. Mr. Stow next asks the Court to hold a hearing, without first

providing notice of the hearing to the defendants, to allow him "to appear in court personally to present his side of the argument," Doc. No. 7, at 8, and then find that the defendants are not entitled to qualified immunity under state or federal law, sovereign immunity, or any other type of immunity, in this action.  Finally, Mr. Stow asks the Court to excuse him from posting security under Rule 65(c) of the Federal Rules of Civil Procedure.

### Discussion

I.      Requests for Court Rulings

      A.      Request for a Hearing Without Notice to the Defendants

"[I]n our judicial system adversary proceedings are the norm and ex parte proceedings the exception . . . ." Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir. 1991). The Court can only issue an order for a temporary restraining order or preliminary injunctive relief, without notice to the defendants, if: (1) the movant specifies, in an affidavit or verified complaint, that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  "'[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process. Thus, [t]o obtain ex parte relief, a party must strictly comply with those requirements.'" Strahan v. O'Reilly, No. 22-cv-52-LM, 2022 U.S. Dist. LEXIS 46059, at *3, 2022 WL 788623, at *1 (D.N.H. Feb. 16, 2022) (citations omitted), R&R adopted, 2022 U.S. Dist. LEXIS 45955, 2022 WL 788258 (D.N.H. Mar. 14, 2022).

While Mr. Stow has generally asserted that he will be irreparably harmed without a pre-notice hearing, he has not explained how providing notice of the hearing to the defendants would

harm him.  Nor has he offered any other explanation as to why notice to the defendants should not

be required.  Accordingly, the District Judge should deny Mr. Stow's request for a hearing to be

held without notice to the defendants, as Mr. Stow failed to satisfy the requirements of Rule

65(b)(1).

        B.      Request for a Ruling on Immunity Defenses

The complaint in this case is pending the Court's preliminary review, and therefore, it has

not been served on the defendants, and no immunity defenses have been asserted at this time.  The

Court is not inclined to provide an advisory opinion on the applicability of a defense that may or

may not be raised in this case.  The District Judge should therefore deny Mr. Stow's request for a

ruling that the defendants are not entitled to assert any sort of immunity defense, without prejudice

to Mr. Stow's ability to assert his arguments in opposition to any asserted immunity defense at a

later stage of this case, as appropriate.

II.      Request for a Preliminary Injunction Preventing Representation by the Attorney General
         and Indemnification

        A.  Preliminary Injunction Standard

Preliminary injunction is an "'extraordinary form of relief'" which "may be granted only

upon a showing that the plaintiff 'is likely to succeed on the merits, that he is likely to suffer

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest.'" Brox v. Woods Hole, Martha's Vineyard &

Nantucket S.S. Auth., 83 F.4th 87, 91 (1st Cir. 2023) (quoting Winter v. Nat. Res. Def. Council,

Inc., 555 U.S. 7, 20 (2008)).  "[T]he first two factors, likelihood of success and irreparable harm,

[are] 'the most important' in the calculus," and "the second factor, irreparable harm, is an

'essential prerequisite for equitable relief.'" Strahan v. McNamara, 642 F. Supp. 3d 204, 207 (D.N.H. 2022).  The burden of demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant.  See Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).

B.  Analysis

In his motion, Mr. Stow asks the Court not to serve the defendants through the AGO, not to allow the AGO to provide free representation to the defendants, and not to allow the state to indemnify the defendants to the extent damages are won against them.  As explained below, the District Judge should deny Mr. Stow's requests for preliminary injunctive relief because he failed to demonstrate that he will suffer irreparable harm if the Court does not issue the requested injunctions.

1.  Indemnification

As to indemnification, Mr. Stow failed to demonstrate that he would be irreparably harmed without an order from this Court preventing the state from indemnifying the defendants.  Mr. Stow contends that it would be "unequitable to allow listed defendants to partake of the NH General Fund (the public trough) i.e. taxpayer dollars" to pay damages to him in this case.  He has not alleged any facts which show that the Court's failure to enjoin the state from indemnifying the defendants would cause him any harm.  Additionally, Mr. Stow has not demonstrated that his objection to indemnification, to the extent it could be cognizable, must be resolved at this stage of the case.

        2.      <u>AGO Representation</u>

As to the AGO's representation of state-employed defendants in this case, Mr. Stow argues that because he alleged that the defendants' conduct underlying the claims in this lawsuit was "wanton" and "reckless," the AGO is prohibited from representing the defendants in this case, under N.H. Rev. Stat. Ann. § ("RSA") 99-D:2.  That statute provides, in relevant part, that:

> If any claim is made or any civil action is commenced against a present or former officer, trustee, official, or employee of the state or any agency thereof, . . . seeking equitable relief or claiming damages for the negligent or wrongful acts and the officer, trustee, official, or employee requests the state to provide representation for him or her, and the attorney general . . . determines that the acts complained of were committed by the officer, trustee, official, or employee while acting within the scope of official duty for the state and that such acts were not wanton or reckless, the attorney general shall represent and defend such person with respect to such claim or throughout such action, or shall retain outside counsel to represent or defend such person, and the state shall defray all costs of such representation or defense, to be paid from funds not otherwise appropriated. In such case the state shall also protect, indemnify, and hold harmless such person from any costs, damages, awards, judgments, or settlements arising from the claim or suit.

<u>Id.</u>  RSA 99-D:2 specifies that it is the AGO, rather than the Court, which determines whether a state employees' alleged conduct underlying a lawsuit was "wanton or reckless" for the purpose of determining whether representation under RSA 99-D:2 is appropriate.  Further, Mr. Stow failed to demonstrate how he would be irreparably harmed unless the court prevented such representation.

## **Conclusion**

For the foregoing reasons, the District Court should deny Mr. Stow's request for a preliminary injunction (Doc. No. 7).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen-day

period may be extended upon motion.  Failure to file specific written objections to the Report and

Recommendation within the specified time waives the right to appeal the district court's order.

See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).


Talesha L. Saint-Marc
United States Magistrate Judge


December 7, 2023

cc:     Weston J. Stow, pro se